## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| FIGS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MILLENNIALS IN MEDICINE, LLC, a Florida Limited Liability Company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 1:24-cv-00207<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff FIGS, Inc. ("FIGS" or "Plaintiff") for its claims against Defendant Millennials In Medicine, LLC ("MIM" or "Defendant") alleges as follows:

### JURISDICTION AND VENUE

1.     Plaintiff files this action against Defendant for complicit and unlawful acts constituting trade dress infringement and unfair competition in violation of the Lanham Trademark Act of 1946, 15 U.S.C. § 1051 et seq. (the "Lanham Act"), patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and violations of statutory and common laws.

2.     This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§ 1331 and 1338(a) and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a)

because they are so related to the federal claims that they form part of the same case or controversy.

3.      This Court has personal jurisdiction over Defendants because Defendants maintain a principal place of business, conduct continuous and systematic business, placed the Accused Products in the stream of commerce directed to residents of, derived commercial benefits from the sale of the Accused Products, and caused injuries to Plaintiff all within the State of Florida.

4.      Venue is proper under 28 U.S.C. § 1400(b) because Defendant resides and is subject to personal jurisdiction in this district and committed acts of infringement in this judicial district, and under 28 U.S.C. §§ 1391(b)-(c) because Defendant has committed acts of infringement in this district and Defendant has a regular and established place of business in this district.

## THE PARTIES

5.      Plaintiff FIGS, Inc. is a corporation organized and existing under the laws of the state of Delaware with an office and principal place of business located in Santa Monica, California.

6.      Upon information and belief, MIM is a Florida Limited Liability Company with a principal place of business located at 1519 Capital Circle NE, Suite 35, Gainesville, FL 32308.

7.    Upon information and belief, at all relevant times herein, Defendant knew or reasonably should have known of the wrongful acts and behavior alleged herein and the damages caused thereby, ratified, and encouraged such acts and behavior, and/or had a non-delegable duty to prevent such acts and behavior but failed or refused to do so.

8.    FIGS is informed and believes that, together with MIM, other individuals and entities currently named as DOES 1-10 may also be responsible in one manner or another for the wrongs alleged herein, in that at all relevant times, each one (including MIM) was the agent and servant of the others and acting within the course and scope of said agency and employment. These other individuals and entities are sued under fictitious names DOES 1-10 because their true names and capacities are currently unknown to FIGS.  FIGS will seek leave to amend this Complaint when the true names and capacities of DOES 1-10 are ascertained.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### A.    The FIGS Brand

9.    FIGS is a founder-led, direct-to-consumer healthcare apparel and lifestyle brand company. Since its beginnings, FIGS has quickly grown into a highly recognizable designer and retailer of premium scrub wear, and other non-scrub offerings, such as outerwear, underscrubs, footwear, compression socks, lab coats, loungewear, and other apparel.

10.    FIGS' journey began in 2013 after FIGS' co-founder, Heather Hasson, grew disillusioned with the substandard apparel options available to healthcare professionals, including uncomfortable and unflattering scrubs that made working lengthy shifts under difficult circumstances even more challenging and strenuous.

11.    With an understanding of design, fashion, and fabric technology, FIGS modernized and revolutionized medical apparel by offering fashion-forward alternatives that featured purposeful designs. The outcome was a major disruption to the existing industry, and a fashion and innovation leap from conventional healthcare apparel that was notoriously baggy, boxy, and lacking in design. The advancements in design, comfort, and style that FIGS blended and infused into the medical apparel industry are unprecedented.

12.    FIGS' innovative approach did not stop with its products. It also disrupted the industry's historical distribution model, which required healthcare professionals to physically travel to brick-and-mortar stores to purchase their uniforms. FIGS has built the largest online direct-to-consumer platform in healthcare apparel, leading the industry in the shift to digital.

13.    As a result of its many innovations and disruption of a centuries-old industry, FIGS has enjoyed remarkable success in the healthcare apparel space. Every year between its founding in 2013 and 2020, FIGS grew its annual net revenues by triple digit percentages. In May 2021, FIGS went public through an

initial public offering and by the end of 2023 reached annual net revenues of approximately $545 million. As of June 30, 2024, FIGS' active customer base had grown to 2.6 million.

14.    FIGS' immense growth is attributable to its success in disrupting the medical apparel industry in three primary ways: (1) it branded a previously unbranded industry; (2) it redefined what scrubs are by creating products that feature an unmatched combination of design, comfort and style, all at an affordable price; and (3) through direct to customer relationships, it built a community and lifestyle around a profession, revolutionizing the large and fragmented healthcare apparel market and becoming the industry's category-defining healthcare apparel and lifestyle brand.

15.    Today, FIGS' scrub wear is widely available and sold to consumers in every state, including Florida, through FIGS' website wearfigs.com, and through FIGS' Mobile App.

**B.    Defendants' Infringing Conduct**

16.    The present lawsuit arises from Defendant's design, manufacture, importation, distribution, advertisement, marketing, offering for sale, and sale in the U.S. of certain scrub wear that, at a minimum, infringe upon FIGS' "Rafaela Scrub Top Trade Dress", "Yola Pant Trade Dress", "Casma Scrub Pant Trade Dress", U.S.

Pat. Nos.: D946,867 ( "'867 Patent,") D951,594 ("'594 Patent,") and D948,170 (

"'170 Patent") ( the Accused Products").

17.    Upon information and belief, Defendant MIM is engaged in the retail

sale of scrub wear and accessories under its MIM Scrubs brand on the internet at

MIM's website mimscrubs.com that is accessible to customers nationwide,

including to those within this judicial district.

18.    Upon information and belief, Defendant MIM is a competitor of FIGS

and introduced the Accused Products into the stream of commerce to exploit FIGS'

goodwill and the reputation of the FIGS Rafaela Scrub Top, Yola Pant, and Casma

Scrub Top.

19.    FIGS has not granted Defendant a license to practice nor given

Defendant any form of permission to use FIGS' trademarks, trade dresses, or

patents, including the   Rafaela Scrub Top Trade Dress, Yola Pant Trade Dress,

Casma Scrub Pant Trade Dress, the '867 Patent, the '594 Patent, and/or the '170

Patent.

### i.    Infringement of the Rafaela Scrub Top Trade Dress and the '867 Patent

20.    Upon information and belief, Defendant imported into the U.S.,

advertised, marketed, offered for sale, and/or sold at least the Accused Products

identified by name as MIM Scrubs "Angie" scrub top through its website

(www.mimscrubs.com) to consumers nationwide, including consumers located within this judicial district. Exemplars of the Accused Products compared to Rafaela Scrub Top, the embodiment of the Rafaela Scrub Top Trade Dress, and the '867 Patent are below:



**Defendant's MIM Scrubs**        **FIGS Rafaela Scrub Top**        **'867 Patent (Fig. 1)**
**Angie Scrub Top**

### ii.    Infringement of the Casma Scrub Top Trade Dress and the '170 Patent

21.    Upon information and belief, Defendant imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified by name as MIM Scrubs Women's "2 Pocket" Scrub Top through its website (www.mimscrubs.com) to consumers nationwide, including consumers located within this judicial district. Exemplars of the Accused Products compared

to Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress, and the

'170 Patent are below:



| **Defendant's MIM Scrubs Women's 2 Pocket Scrub Top** | **FIGS Casma Scrub Top** | **'170 Patent (Fig. 1)** |

### iii. Infringement of the Yola Pant Trade Dress and '594 Patent

22.    Upon information and belief, Defendant imported into the U.S., advertised, marketed, offered for sale, and/or sold at least the Accused Products identified by name as MIM Scrubs "Women's Classic Scrub Pants" through its website (www.mimscrubs.com) to consumers nationwide, including consumers located within this judicial district. An exemplar of the Accused Products compared to Yola Pants, the embodiment of the Yola Pant Trade Dress, and the '594 Patent are below:



**Defendant's MIM Scrubs**          **FIGS Yola Pant**          **'594 Patent Fig. 1**

**Women's Classic Scrub Pants**

23.    Upon information and belief, Defendant has sold additional products that appear to infringe upon FIGS' other trade dresses and/or design patents. FIGS will seek leave to amend as additional information becomes available through discovery.

24.    Upon information and belief, Defendant has acted in bad faith and Defendant's unlawful acts have misled and confused, and were intended to cause confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection, or association of the Accused Products with FIGS, and/or the origin, sponsorship, or approval of the Accused Products by FIGS.

## FIRST CAUSE OF ACTION

**(Trade Dress Infringement of the Rafaela Scrub Top Trade Dress
15 U.S.C. § 1125(a))**

25.    Plaintiff incorporates by reference paragraphs 1-24 above as though fully set forth herein.

26.    Prior to 2019, FIGS introduced the FIGS Rafaela Scrub Top, marketed and featuring the design elements protected under the Rafaela Scrub Top Trade Dress. The Rafaela Scrub Top Trade Dress is unique and inherently distinctive, and comprised of the following elements:

    a.  A scrub top with an oversized fit and a forward shoulder seam;

    b.  Draped sleeveless silhouette;

    c.  Mandarin collar with box stitching on the placket;

    d.  A button at the bottom of the center front placket;

    e.  Curved bottom hem;

    f.  Pockets with curved shadow stitching on the pocket bag on both the lateral and medial side of the scrub top; and

    g.  A pleated back yoke.

27.    The Rafaela Scrub Top Trade Dress itself, which is a composite of the above-referenced features, is non-functional, visually distinctive and unique in the scrub wear industry.  Indeed, the USPTO issued a design patent, U.S. Pat. No. D946,867, for the Rafaela Scrub Top, a valid and enforceable design patent.

Examples of its distinctive appearance are shown in the photographs below:







28.    The design of the Rafaela Scrub Top Trade Dress is neither essential to

its use or purpose, nor does it affect the cost or quality of the top. There are numerous

other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Rafaela Scrub Top Trade Dress. The combination of features comprising the Rafaela Scrub Top Trade Dress as a whole provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the FIGS Rafaela Scrub Top, the embodiment of the Rafaela Scrub Top Trade Dress, as a distinct product originating solely from FIGS.

29.    The FIGS Rafaela Scrub Top, the embodiment of the Rafaela Scrub Top Trade Dress, is well-recognized and commercially successful, having been featured in many of FIGS' advertising and promotional materials as well as in various trade publications. The FIGS Rafaela Scrub Top has received a large volume of unsolicited media attention.

30.    FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Rafaela Scrub Top Trade Dress. FIGS spends millions of dollars annually on advertising of FIGS products, including scrub wear embodying the Rafaela Scrub Top Trade Dress.

31.    Due to its long use, extensive sales, and significant advertising and promotional activities, the Rafaela Scrub Top Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the

United States. Indeed, FIGS has sold millions of dollars' worth of the FIGS Rafaela Scrub Top, the embodiment of the Rafaela Scrub Top Trade Dress. Accordingly, the Rafaela Scrub Top Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify FIGS as the exclusive source of scrub wear featuring said trade dress.

32.    Upon information and belief, Defendant is a competitor of FIGS and Defendant introduced the Accused Products, including the MIM Scrubs Angie scrub top, into the stream of commerce in an effort to exploit FIGS' goodwill and the reputation of the FIGS Rafaela Scrub Top.

33.    The Accused Products, including the MIM Scrubs Angie scrub top, manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears designs identical, substantially indistinguishable, or confusingly similar to the Rafaela Scrub Top Trade Dress, causing a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Products, including the MIM Scrubs Angie scrub top.

34.    Defendant's use of the Rafaela Scrub Top Trade Dress is without FIGS' permission or authorization, and in total disregard of FIGS' rights to control its intellectual property.  There are numerous other designs in the scrub wear industry, none of which necessitate copying or imitating the Rafaela Scrub Top Trade Dress.

35.    Defendant's use of the Rafaela Scrub Top Trade Dress is likely to lead

to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products, including the MIM Scrub Angie scrub top, is produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with FIGS.

36.    Given the widespread popularity and recognition of the FIGS line of products and the Rafaela Scrub Top Trade Dress, FIGS avers and hereon alleges that Defendant had knowledge of FIGS' rights to the Rafaela Scrub Top Trade Dress and has intentionally utilized the Rafaela Scrub Top Trade Dress on its own product for Defendant's own benefit and/or in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by FIGS.

37.    As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts.

38.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement, which is ongoing.  Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the

Rafaela Scrub Top Trade Dress, or any designs identical, substantially indistinguishable, or confusingly similar thereto.

## SECOND CAUSE OF ACTION

### (Trade Dress Infringement of the Casma Scrub Top Trade Dress 15 U.S.C. § 1125(a))

39.    Plaintiff incorporates by reference paragraphs 1-38 above as though fully set forth herein.

40.    Since its introduction, the FIGS Casma Scrub Top has been marketed featuring the design elements protected under the Casma Scrub Top Trade Dress. The Casma Scrub Top Trade Dress is unique and inherently distinctive, and comprised of the following elements:

a.    A scrub top with a forward shoulder seam;

b.    A darted back;

c.    V-shaped neckband with single needle edge stitch detail;

d.    Two angled welt drop pockets positioned at the waist on the lateral and medial side of the top; and

e.    Slits on the lateral and medial side seams.

41.    The Casma Scrub Top Trade Dress itself, which is a composite of the above-referenced features, is non-functional, visually distinctive, and unique in the scrub wear industry. Indeed, the USPTO issued a design patent, U.S. Pat. No. D948,170, for the Casma Scrub Top, a valid and enforceable patent. Examples of its

distinctive appearance are shown in the photographs below:









42.    The design of the Casma Scrub Top Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the top. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Casma Scrub Top Trade Dress. The combination of features comprising the Casma Scrub Top Trade Dress as a whole provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress, as a distinct product originating solely from FIGS.

43.    The FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress, is well-recognized and commercially successful, having been featured in many of FIGS' advertising and promotional materials as well as in various trade publications. The FIGS Casma Scrub Top has received a large volume of unsolicited media attention.

44.    FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Casma Scrub Top Trade Dress. FIGS spends millions of dollars annually on advertising of FIGS products, including scrub wear embodying the Casma Scrub Top Trade Dress.

45.    Due to its long use, extensive sales, and significant advertising and

promotional activities, the Casma Scrub Top Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, FIGS has sold millions of dollars' worth of the FIGS Casma Scrub Top, the embodiment of the Casma Scrub Top Trade Dress. Accordingly, the Casma Scrub Top Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify FIGS as the exclusive source of footwear featuring said trade dress.

46.    Upon information and belief, Defendant is a competitor of FIGS and Defendant introduced the Accused Products, including the Lago brand Crescent scrub top, into the stream of commerce in an effort to exploit FIGS' goodwill and the reputation of the FIGS Casma Scrub Top.

47.    The Accused Products, including the MIM Scrubs Women's 2 Pocket Scrub Top, manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears designs identical, substantially indistinguishable, or confusingly similar to the Casma Scrub Top Trade Dress, causing a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Products, including the MIM Scrubs Women's 2 Pocket Scrub Top.

48.    Defendant's use of the Casma Scrub Top Trade Dress is without FIGS' permission or authorization, and in total disregard of FIGS' rights to control its intellectual property.  There are numerous other designs in the scrub wear industry,

none of which necessitate copying or imitating the Casma Scrub Top Trade Dress.

49.    Defendant's use of the Casma Scrub Top Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products, including the MIM Scrubs Women's 2 Pocket Scrub Top, is produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with FIGS.

50.    Given the widespread popularity and recognition of the FIGS line of products and the Casma Scrub Top Trade Dress, FIGS avers and hereon alleges that Defendant had knowledge of FIGS' rights to the Casma Scrub Top Trade Dress and has intentionally utilized the Casma Scrub Top Trade Dress on its own product for Defendant's own benefit and/or in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by FIGS.

51.    As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts.

52.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the

harm caused by Defendant's infringement, which is ongoing.  Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Casma Scrub Top Trade Dress, or any designs identical, substantially indistinguishable, or confusingly similar thereto.

## **THIRD CLAIM FOR RELIEF**

### **(Trade Dress Infringement of the Yola Scrub Pant Trade Dress 15 U.S.C. § 1125(a))**

53.    Plaintiff incorporates by reference paragraphs 1-52 above as though fully set forth herein.

54.    Since its introduction, the FIGS Yola Pant has been marketed featuring the design elements protected under the Yola Pant Trade Dress. The Yola Pant Trade Dress is unique and inherently distinctive, and comprised of the following elements:

    i.    A straight leg scrub pant with a thick yoga drawstring waistband that is tacked at the back;

    ii.    The drawstring on the waistband is a contrasting color;

    iii.    Thigh pockets on the lateral leg consisting of a single thigh pocket and a double thigh pocket on either the right or left leg of the pant;

    iv.    A zipper patch pocket on the lateral right or left leg of the pant;

v.    A double patch pocket on the lateral right or left leg of the pant comprising of a smaller exposed pocket inside a larger pocket;

vi.    Patched pockets on the back of the pant;

vii.    Notched corners on the bottom of the patch pockets; and

viii.    Split hem at the leg opening on the lateral outer seams.

55.    The Yola Pant Trade Dress itself, which is a composite of the above-referenced features, is non-functional, visually distinctive and unique in the scrub wear industry. Indeed, the USPTO issued a design patent, U.S. Pat. No. D951,594, for the Yola Scrub Pant, a valid and enforceable patent. Examples of its distinctive appearance are shown in the photographs below:









56. The design of the Yola Pant Trade Dress is neither essential to its use or purpose, nor does it affect the cost or quality of the top. There are numerous other designs available that are equally feasible and efficient, none of which necessitate copying or imitating the Yola Pant Trade Dress. The combination of features

comprising the Yola Pant Trade Dress as a whole provides no cost advantages to the manufacturer or utilitarian advantages to the consumer. These features, in combination, serve only to render the FIGS Yola Pant, the embodiment of the Yola Pant Trade Dress, as a distinct product originating solely from FIGS.

57.    The FIGS Yola Pant, the embodiment of the Yola Pant Trade Dress, is well-recognized and commercially successful, having been featured in many of FIGS' advertising and promotional materials as well as in various trade publications. The FIGS Yola Pant has received a large volume of unsolicited media attention.

58.    FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Yola Pant Trade Dress. FIGS spends millions of dollars annually on advertising of FIGS products, including scrub wear embodying the Yola Pant Trade Dress.

59.    Due to its long use, extensive sales, and significant advertising and promotional activities, the Yola Pant Trade Dress has achieved widespread acceptance and recognition among the consuming public and trade throughout the United States. Indeed, FIGS has sold millions of dollars' worth of the FIGS Yola Pant, the embodiment of the Yola Pant Trade Dress. Accordingly, the Yola Pant Trade Dress has achieved a high degree of consumer recognition and secondary meaning, which serves to identify FIGS as the exclusive source of footwear featuring said trade dress.

60.    Upon information and belief, Defendant is a competitor of FIGS and Defendant introduced the Accused Products, including the MIMS Women's Classic Scrub Pant, into the stream of commerce in an effort to exploit FIGS' goodwill and the reputation of the FIGS Yola Pant.

61.    The Accused Products, including the MIMS Women's Classic Scrub

Pant, manufactured, imported, distributed, advertised, offered for sale, and/or sold by Defendant bears designs identical, substantially indistinguishable, or confusingly similar to the Yola Pant Trade Dress, causing a likelihood of confusion as to the source, sponsorship or approval by FIGS of the Accused Products, including the MIMS Women's Classic Scrub Pant.

62.    Defendant's use of the Yola Pant Trade Dress is without FIGS' permission or authorization, and in total disregard of FIGS' rights to control its intellectual property.  There are numerous other designs in the scrub wear industry, none of which necessitate copying or imitating the Yola Pant Trade Dress.

63.    Defendant's use of the Yola Pant Trade Dress is likely to lead to and result in confusion, mistake, or deception, and is likely to cause the public to believe that Accused Products, including the MIMS Women's Classic Scrub Pant, are produced, sponsored, authorized, or licensed by or are otherwise connected or affiliated with FIGS.

64.    Given the widespread popularity and recognition of the FIGS line of products and the Yola Pant Trade Dress, FIGS avers and hereon alleges that Defendant had knowledge of FIGS' rights to the Yola Pant Trade Dress and has intentionally utilized the Yola Pant Trade Dress on its own product for Defendant's own benefit and/or in an effort to pass them off as if they originated, are associated with, are affiliated with, are sponsored by, are authorized by, and/or are approved by FIGS.

65.    As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial.  FIGS is entitled to recover all damages, including attorneys' fees, that it has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of its infringing acts.

66.    Furthermore, unless Defendant's unlawful acts are enjoined by this

Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement, which is ongoing.  Accordingly, FIGS is entitled to injunctive relief prohibiting Defendant from continuing to infringe the Yola Pant Trade Dress, or any designs identical, substantially indistinguishable, or confusingly similar thereto.

## FOURTH CAUSE OF ACTION

### (Common Law Trade Dress Infringement)

67.    Plaintiff incorporates by reference paragraphs 1-66 above as though fully set forth herein.

68.    FIGS owns and enjoys common law trademark rights to the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and Yola Pant Trade Dress in Florida and throughout the United States.

69.    This is an action for common law trade dress infringement against Defendant based on its promotion, advertisement, offering for sale, and sale of the Accused Products which are confusingly similar to the Rafael Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and/or the Yola Pant Trade Dress.

70.    Defendant's use in commerce of FIGS' Rafaela Scrub Top Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Accused Products, including the MIM Scrubs Angie scrub top, without FIGS' consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is FIGS, or is a licensee, authorized distributor,

or affiliate of FIGS, or that Defendant, its activities, and/or its Accused Products, including the MIM Scrubs Angie scrub top, are authorized, endorsed, sponsored, or approved by FIGS, or vice versa.

71.    Defendant's use in commerce of FIGS' Casma Scrub Top Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Accused Products, including the MIM Scrubs Women's 2 Pocket Scrub Top, without FIGS' consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is FIGS, or is a licensee, authorized distributor, or affiliate of FIGS, or that Defendant, its activities, and/or its Accused Products, including the MIM Scrubs Women's 2 Pocket Scrub Top, are authorized, endorsed, sponsored, or approved by FIGS, or vice versa.

72.    Defendant's use in commerce of FIGS' Yola Pant Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Accused Products, including the MIM Scrubs Women's Classic Scrub Pant, without FIGS' consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is FIGS, or is a licensee, authorized distributor, or affiliate of FIGS, or that Defendant, its activities, and/or its Accused Products, including the MIM Scrubs Women's Classic Scrub Pant, are authorized, endorsed, sponsored, or approved by FIGS, or vice versa.

73.     Defendant's misappropriation of FIGS common law right to the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and Yola Pant Trade Dress was intended to capitalize on FIGS' goodwill for Defendant's own pecuniary gain. FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and Yola Pant Trade Dress. As a result of FIGS' efforts, Defendant is now unjustly enriched and are benefiting from property rights that rightfully belong to FIGS.

74.     Defendants' unauthorized use of the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and Yola Pant Trade Dress has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of FIGS.

75.     Defendant's acts are willful, deliberate, and intended to confuse the public and to injure FIGS.

76.     Defendant's actions set forth above were intentional, willful, with bad faith, and with the intent of deceiving and misleading the public and causing harm to FIGS. Defendant's bad faith is evidenced at least by the similarity of the Accused Products to FIGS' Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress,

and Yola Pant Trade Dress, and by Defendant's continuing disregard for FIGS'
intellectual property rights.

77.    FIGS has no adequate remedy at law to compensate it fully for the
damages that have been caused and which will continue to be caused by Defendant's
infringing conduct unless it is enjoined by this Court.

78.    The conduct herein complained of was fraudulent and was inflicted on
FIGS in reckless disregard of FIGS' rights. Said conduct was harmful to FIGS and
as such supports an award of exemplary and punitive damages in an amount
sufficient to punish and make an example of Defendant and to deter it from similar
such conduct in the future.

79.    Considering the foregoing, FIGS is entitled to injunctive relief
prohibiting Defendant from using the Rafaela Scrub Top Trade Dress, Casma Scrub
Top Trade Dress, and Yola Pant Trade Dress, and to recover all damages, including
attorneys' fees, that FIGS has sustained and will sustain, and all gains, profits and
advantages obtained by Defendant because of their infringing acts alleged above in
an amount not yet known, and the costs of this action.

## **FIFTH CAUSE OF ACTION**
### **(Common Law Unfair Competition)**

80.    Plaintiff incorporates by reference paragraphs 1-79 above as though
fully set forth herein.

81.    This is an action against Defendant based on its promotion, advertisement, distribution, sale and/or offering for sale, of goods using or bearing marks that are virtually identical to the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and/or Yola Pant Trade Dress in violation of Florida's common law of unfair competition.

82.    Defendant's use in commerce of FIGS' Rafaela Scrub Top Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Accused Product, including the MIM Scrubs Angie scrub top, without FIGS' consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is FIGS, or is a licensee, authorized distributor, or affiliate of FIGS, or that Defendant, its activities, and/or its Accused Products, including the MIM Scrubs Angie scrub top, are authorized, endorsed, sponsored, or approved by FIGS, or vice versa.

83.    Defendant's use in commerce of FIGS' Casma Scrub Top Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Accused Products, including the MIM Scrubs Women's 2 Pocket Scrub Top, without FIGS' consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is FIGS, or is a licensee, authorized distributor, or affiliate of FIGS, or that Defendant, its activities, and/or

its Accused Products, including the MIM Scrubs Women's 2 Pocket Scrub Top, are authorized, endorsed, sponsored, or approved by FIGS, or vice versa.

84.   Defendant's use in commerce of FIGS' Yola Pant Trade Dress to advertise, market, promote, distribute, offer for sale, and/or sell Defendant's Accused Products, including the MIM Scrubs Women's Classic Scrub Pant, without FIGS' consent is likely to cause confusion, cause mistake, and/or deceive consumers into mistakenly believing that Defendant is FIGS, or is a licensee, authorized distributor, or affiliate of FIGS, or that Defendant, its activities, and/or its Accused Products, including the MIM Scrubs Women's Classic Scrub Pant, are authorized, endorsed, sponsored, or approved by FIGS, or vice versa.

85.   Defendant's misappropriation of FIGS' common law trade dress was intended to capitalize on FIGS' goodwill for Defendant's own pecuniary gain. FIGS has spent substantial time, effort, and money in designing, developing, advertising, promoting, and marketing the FIGS brand and its line of scrub wear embodying the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and Yola Pant Trade Dress. As a result of FIGS' efforts, Defendant is now unjustly enriched and are benefiting from property rights that rightfully belong to FIGS.

86.   Defendant's unauthorized use of the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and Yola Pant Trade Dress has caused and is likely

to cause confusion as to the source of Defendant's products, all to the detriment of FIGS.

87.    Defendant's acts are willful, deliberate, and intended to confuse the public and to injure FIGS.

88.    Defendant's acts constitute unfair competition under Florida common law.

89.    FIGS has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's infringing conduct unless it is enjoined by this Court.

90.    The conduct herein complained of was fraudulent and was inflicted on FIGS in reckless disregard of FIGS' rights. Said conduct was harmful to FIGS and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendant and to deter it from similar such conduct in the future.

91.    Considering the foregoing, FIGS is entitled to injunctive relief prohibiting Defendant from using the Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and Yola Pant Trade Dress and to recover all damages, including attorneys' fees, that FIGS has sustained and will sustain, and all gains, profits and advantages obtained by Defendant because of its infringing acts alleged above in an amount not yet known, and the costs of this action.

## SIXTH CAUSE OF ACTION

### (Patent Infringement U.S. Pat. No. D946,867)

92.    Plaintiff incorporates by reference paragraphs 1-91 above as though fully set forth herein.

93.    In order to protect its valuable brands, FIGS owns a number of patents covering various styles of scrub wear it markets, including the FIGS Rafaela Scrub Top described herein. These patents include the  '867 Patent issued on March 29, 2022, a true and correct copy of which is attached hereto as **Exhibit A** and incorporated herein.

94.    FIGS is the owner by assignment of all rights, title and interest in and to the '867 Patent and FIGS has marked substantially all scrub wear embodying the design of the '867 Patent with "Patent # D946,867", and/or via virtual patent marking on a product label affixed to the products embodying the design of the '867 Patent in compliance with 35 U.S.C. § 287.

95.    Defendant has produced, imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold within the United States the Accused Products which bear a design substantially similar to the ornamental design of the '867 Patent, in violation of 35 U.S.C. § 271.

96.    FIGS has not granted a license or given Defendant any form of permission to the '867 Patent and Defendant's infringement of the '867 Patent is

without FIGS' permission or authority and in total disregard of FIGS' intellectual property rights.

97.    As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant under 35 U.S.C. §§ 284 and 289.

98.    Additionally, in or around February 2021, FIGS put Defendant on notice of Defendant's infringement of the '867 Patent and of FIGS' rights, title, and interest in the '867 Patent via written correspondence.

99.    Upon information and belief, Defendant's infringing acts were and continue to be willful, deliberate, and taken in reckless disregard of the '867 Patent through Defendant's continued sale of Accused Products despite having been put on notice through FIGS February 2021 correspondence. Defendant took these actions knowing that such actions constituted infringement of the '867 Patent.

100.    As Defendant's willful acts render this an exceptional case, FIGS is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

101.    Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement of the '867 Patent, which is ongoing.

Accordingly, FIGS is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from continuing to infringe the '867 Patent.

## SEVENTH CAUSE OF ACTION
### (Patent Infringement U.S. Pat. No. D948,170)

102.   Plaintiff incorporates by reference paragraphs 1-101 above as though fully set forth herein.

103.   In order to protect its valuable brands, FIGS owns a number of patents covering various styles of scrub wear it markets, including the FIGS Casma Scrub Top described herein. These patents include the '170 Patent" issued on April 12, 2022, a true and correct copy of which is attached hereto as **Exhibit B** and incorporated herein.

104.   FIGS is the owner by assignment of all rights, title and interest in and to the '170 Patent and FIGS has marked substantially all scrub wear embodying the design of the '170 Patent with "Patent # D948,170", and/or via virtual patent marking on a product label affixed to the products embodying the design of the '170 Patent in compliance with 35 U.S.C. § 287.

105.  Defendant has produced, imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold within the United States the Accused Products which bear a design substantially similar to the ornamental design of the '170 Patent, in violation of 35 U.S.C. § 271.

106.  FIGS has not granted a license or given Defendant any form of permission to the '170 Patent and Defendant's infringement of the '170 Patent is without FIGS' permission or authority and in total disregard of FIGS' intellectual property rights.

107.  As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be determined at trial. FIGS is entitled to recover all damages sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant under 35 U.S.C. §§ 284 and 289.

108.  As Defendant's willful acts render this an exceptional case, FIGS is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

109.  Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement of the '170 Patent, which is ongoing. Accordingly, FIGS is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from continuing to infringe the '170 Patent.

## EIGHTH CAUSE OF ACTION
### (Patent Infringement U.S. Pat. No. D951,594)

110.  Plaintiff incorporates by reference paragraphs 1-109 above as though fully set forth herein.

111.   In order to protect its valuable brands, FIGS owns a number of patents covering various styles of scrub wear it markets, including the FIGS Yola Scrub Pants described herein. These patents include the '594 Patent issued on May 17, 2022, a true and correct copy of which is attached hereto as **Exhibit C** and incorporated herein.

112.   FIGS is the owner by assignment of all rights, title and interest in and to the '594 Patent and FIGS has marked substantially all scrub wear embodying the design of the '594 Patent with "Patent # D951,594", and/or via virtual patent marking on a product label affixed to the products embodying the design of the '594 Patent in compliance with 35 U.S.C. § 287.

113.   Defendant has produced, imported into the U.S., distributed, advertised, marketed, offered for sale, and/or sold within the United States the Accused Products which bear a design substantially similar to the ornamental design of the '594 Patent, in violation of 35 U.S.C. § 271.

114.   FIGS has not granted a license or given Defendant any form of permission to the '594 Patent and Defendant's infringement of the '594 Patent is without FIGS' permission or authority and in total disregard of FIGS' intellectual property rights.

115.   As a direct and proximate result of the foregoing acts, FIGS has suffered and will continue to suffer significant injuries in an amount to be

determined at trial. FIGS is entitled to recover all damages sustained on account of Defendant's infringement, and all gains, profits and advantages obtained by Defendant under 35 U.S.C. §§ 284 and 289.

116.   As Defendant's willful acts render this an exceptional case, FIGS is entitled to enhanced damages and reasonable attorney fees under 35 U.S.C. § 284.

117.   Furthermore, unless Defendant's unlawful acts are enjoined by this Court, there is no adequate remedy at law that can fully compensate FIGS for the harm caused by Defendant's infringement of the '594 Patent, which is ongoing. Accordingly, FIGS is entitled to injunctive relief under 35 U.S.C. § 283 prohibiting Defendant from continuing to infringe the '594 Patent.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff FIGS, Inc. respectfully prays that this Court enter judgment in its favor and against Defendant Millennials In Medicine, LLC and DOES 1-10 as follows:

1. A judgment that Defendant infringed FIGS' Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, Yola Pant Trade Dress, and the '867 Patent, the '594 Patent, and the '170 Patent;

2. Entry of an ORDER permanently enjoining and restraining Defendant, their agents, servants, employees, officers, associates, and all persons

acting in concert with any of them from infringing FIGS' intellectual property at issue, including but not limited to infringing acts such as:

a. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that bear an identical, substantially indistinguishable, or confusingly similar design as FIGS' Rafaela Scrub Top Trade Dress, Casma Scrub Top Trade Dress, and/or Yola Pant Trade Dress;

b. manufacturing, importing, advertising, marketing, promoting, supplying, distributing, offering for sale, or selling Accused Products or any other products that infringe the '867 Patent, the '594 Patent, and/or the '170 Patent;

c. engaging in any other activity constituting unfair competition with FIGS, or acts and practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements used or owned by or associated with FIGS; and

d. committing any other act which falsely represents or which has the effect of falsely representing goods and services of

Defendant is licensed, authorized, offered, produced, sponsored, or in any other way associated with FIGS;

3. Entry of an ORDER requiring Defendant to recall from any distributors and retailers and to deliver to FIGS for destruction any Accused Products, including the means of making such products;

4. Entry of an ORDER requiring Defendant to file with this Court and serve on FIGS within thirty (30) days after entry of the injunction, a report in writing and under oath setting forth the manner in which Defendant complied with the injunction;

5. Entry of an ORDER for an accounting of all gains, profits and advantages derived by Defendant on account of the unlawful acts complained of herein pursuant to 15 U.S.C. § 1117(a) and any other applicable federal statute or Florida state and common law;

6. An award of damages equal to Defendant's profits and all damages sustained by FIGS as a result of Defendant's wrongful acts;

7. An award of damages equal to treble Defendant's profits or FIGS' damages, whichever is greater, on account of Defendant's willful infringement;

8. An award of punitive damages and FIGS' costs, attorneys' fees, and interest as allowed under all applicable federal statutes and Florida state laws; and

9. All other relief that the Court may deem just and proper.

DATED: November 12, 2024                    Respectfully submitted,


By:  _/s/ Tara A. Currie_____
Tara A. Currie
Brent H. Blakely
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
tcurrie@blakelylawgroup.com
**Attorneys for Plaintiff, FIGS, Inc.**

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38(b) of the Federal Rules of civil Procedure, FIGS, Inc.

hereby demands a trial by jury of all claims in this litigation.


DATED: November 12, 2024.          Respectfully submitted,


By:  _/s/ Tara A. Currie_____
Tara A. Currie
Brent H. Blakely
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, CA 90266
Telephone: (310) 546-7400
tcurrie@blakelylawgroup.com
**Attorneys for Plaintiff, FIGS, Inc.**